UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON MICHAEL SILVA, | No. 2:22-cv-01814-CKD |
| Plaintiff, | ORDER |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision by the Commissioner of Social Security denying his application for Supplemental Security Income.[1] In the summary judgment motion, plaintiff contends the Administrative Law Judge ("ALJ") erred in (1) improperly evaluating his symptom allegations and (2) improperly evaluating the persuasiveness of Licensed Clinical Social Worker ("LCSW") Shelly Goscha's opinion. (See ECF No. 15 at 5-16.) Plaintiff seeks a remand for a grant of benefits or for further proceedings. The Commissioner opposed, and filed a cross–motion for summary judgment. (ECF No. 19.)

For the reasons that follow, the court DENIES plaintiff's motion for summary judgment, GRANTS the Commissioner's cross-motion, and AFFIRMS the final decision of the Commissioner.

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties consented to proceed before a Magistrate Judge for all purposes. (ECF Nos. 6, 8, 9.)

1

## I. RELEVANT LAW

The Social Security Act provides for benefits for qualifying individuals unable to "engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. § 1382c(a)(3). An ALJ is to follow a five-step sequence when evaluating an applicant's eligibility, summarized as follows:

> **Step one**: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> **Step two**: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> **Step three**: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> **Step four**: Is the claimant capable of performing past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
> **Step five**: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995); see also 20 C.F.R. § 416.920(a)(4). The burden of proof rests with the claimant through step four, and with the Commissioner at step five. Ford v. Saul, 950 F.3d 1141, 1148 (9th Cir. 2020).

A district court may reverse the agency's decision only if the ALJ's decision "contains legal error or is not supported by substantial evidence." Id. at 1154. Substantial evidence is more than a mere scintilla, but less than a preponderance, i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The court reviews the record as a whole, including evidence that both supports and detracts from the ALJ's conclusion. Luther v. Berryhill, 891 F.3d 872, 875 (9th Cir. 2018). However, the court may review only the reasons provided by the ALJ in the decision, and may not affirm on a ground upon which the ALJ did not rely. Id. "[T]he ALJ must provide sufficient reasoning that allows [the court] to perform [a] review." Lambert v. Saul, 980 F.3d 1266, 1277 (9th Cir. 2020).

The ALJ "is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Ford, 950 F.3d at 1154. Where evidence is susceptible to more than one rational interpretation, the ALJ's conclusion "must be upheld." Id. Further, the court may not reverse the ALJ's decision on account of harmless error. Id.

II. **BACKGROUND AND ALJ'S FIVE–STEP ANALYSIS**

On December 14, 2019, plaintiff filed an application for SSI under Title XVI of the Act, alleging disability beginning October 30, 2007. (AT 33, "Administrative Transcript, available at ECF No. 10.) Plaintiff alleged having a back impairment and mood and anxiety disorders. (AT 33, 314.) Following denials at the initial (AT 358) and reconsideration (AT 365) levels of review, plaintiff testified with the assistance of counsel at a hearing before an ALJ on August 19, 2021. (See AT 300-327.) On September 28, 2021, the ALJ found plaintiff not disabled since his application date of December 14, 2019. (See AT 32-43.) On September 7, 2022, the Appeals Council denied plaintiff's request for review. (AT 1.) This action followed.

A. Plaintiff's Testimony

Plaintiff appeared at the administrative hearing on August 19, 2021 alleging disabling physical and mental impairments (see AT 301-28). Plaintiff testified that he could not work because of problems performing a lot of work around the public, which caused continuous anxiety. (AT 309.) Additionally, plaintiff had a long history of increased anxiety around men due to previous trauma. (AT 315.) Plaintiff testified to having severe mood fluctuations, with multiple days of mania followed by days or weeks of depressed mood, causing problems sleeping. (AT 316.) On good days, which were maybe two days per week (see AT 311), he could concentrate, but not for long. (AT 312.) On bad days, he would simply stay in bed; he would only care to shower at most once to three times per week. (AT 312.) He had passing thoughts of suicide at times. (AT 313.)

Plaintiff testified he had no consistent home, and would stay with his uncle, a friend, or even in his car. (AT 310.) He would do his laundry and clean when he had the opportunity, and he did his hygiene and grooming when he felt motivated. (AT 309-12.) He did not work for pay after the alleged onset, but he helped friends and relatives out on rare occasion, as a favor, including doing some meat-processing and helping out in his aunt's garden. (See AT 306-09.)

B. License Clinical Social Worker (LCSW) Shelly Goscha's Opinion

The record contained treatment reports, and mental status examinations from LCSW Shelly Goscha. (See AT 1333-1408.) LCSW Goscha opined that plaintiff has slight limitation in

the ability to maintain attendance; and moderate limitation in the abilities to complete simple and complex tasks and interact with supervisors, co-workers and public. (AT 1734.) However, LCSW Goscha opined that plaintiff had "marked" limitation in the abilities to maintain attention and complete a normal workday/workweek. (AT 1734.)

### C. ALJ Decision

In his September 28, 2021 decision, at step one, the ALJ found that plaintiff had not engaged in substantial gainful activity. (AT 34.) At step two, the ALJ found that plaintiff had the severe impairments of depressive disorder, anxiety disorder, and lumbar disc disease. (AT 34.) At step three, the ALJ found that plaintiff had not met or medically equaled any of the criteria for a listed physical or mental impairment. (See AT 35-36.) The ALJ recognized that plaintiff has a long history of mood symptoms and mental instability. (AT 36.) Unpersuaded by LCSW's Gosche's opinion, the ALJ found that plaintiff's mental impairments did not cause at least two "marked" limitations or one "extreme" limitation, and that the record failed to show a mental disorder that is "serious and persistent" for a period of over two years with evidence of medical treatment and marginal adjustment. (AT 36.)

At step four, the ALJ first determined that plaintiff had the residual functional capacity (RFC) for a range of medium work with the following additional limitations:

- Frequent climbing, balancing, stooping, kneeling, crouching, and crawling;
- Performing simple, repetitive tasks;
- Cannot have necessary contact with the public or customers; and
- Occasional, brief, superficial, and intermittent contact with coworkers.

(AT 36; see AT 37-40.) The ALJ found that plaintiff could not perform any of his past relevant work given this RFC. (AT 40.)

Finally, at step five, the ALJ considered plaintiff's age, education, work experience, and RFC, and determined, based on a vocational expert's testimony (see AT 320-22), that plaintiff could perform other work existing in significant numbers in the national economy. (AT 40-41.) The vocational expert testified that plaintiff would be able to perform the requirements of representative occupations such as cleaner II, scrap sorter, and equipment cleaner. (AT 42.)

Nationwide, there are 60,000 cleaner II positions, 20,000 scrap sorter positions and 30,000 equipment cleaner positions available. (AT 42.) Thus, the ALJ found plaintiff not disabled. (AT 41-42.)

### III. ISSUES PRESENTED

Plaintiff's appeal concerns step three. Plaintiff contends the ALJ (1) improperly evaluated his symptom allegations and (2) improperly evaluated the persuasiveness of LCSW Goscha's opinion. (See ECF No. 15 at 5-16.) Plaintiff seeks a remand for a grant of benefits or for further proceedings. (Id.)

The Commissioner disagrees, arguing that given the low threshold of the substantial evidence standard, the ALJ properly rejected the more severe aspects of plaintiff's subjective symptoms and properly evaluated LCSW Goscha's opinion. Thus, the Commissioner contends the decision as a whole is supported by substantial evidence. (ECF No. 19.)

### IV. DISCUSSION

**A. The ALJ's reasons for discounting the more severe aspects of plaintiff's subjective symptom testimony are sufficient.**

A claimant's statements of subjective symptoms alone are insufficient grounds to establish disability. 20 C.F.R § 404.1529(a). If an ALJ was required to believe every allegation of pain or impairment, disability benefits would run afoul of the Social Security Act and its purpose. See Treichler v. Comm'r, 775 F.3d 1090, 1106 (9th Cir. 2014). In evaluating the extent to which an ALJ must credit the claimant's report of their symptoms, the Ninth Circuit has stated:

> First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Nor must a claimant produce objective medical evidence of the pain or fatigue itself, or the severity thereof.
> If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases.

Revels v. Berryhill, 874 F.3d 648, 655 (9th Cir. 2017) (quoting Garrison, 759 F.3d at 1014-15).

The ALJ's reasons for discounting or rejecting a claimant's subjective symptom testimony must be "sufficiently specific to allow a reviewing court to conclude the adjudicator . . . did not arbitrarily discredit a claimant's testimony." Brown-Hunter v. Colvin, 806 F.3d 487, 483 (9th Cir. 2015) (quoting Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991)). Examples of "specific, clear and convincing reasons" for discounting or rejecting a claimant's subjective symptom testimony include: prescription of conservative treatment, inconsistencies between a claimant's testimony and conduct (including daily activities), and whether the alleged symptoms are consistent with the medical evidence of record. See Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008); Lingenfelter v. Astrue, 504 F.3d 1028, 1040 (9th Cir. 2007). A lack of corroborating, objective medical evidence alone is insufficient grounds for an ALJ to discount a claimant's subjective symptoms; however, it is a factor the ALJ may consider. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (citing 20 C.F.R § 404.1529(c)(2)).

Here, the ALJ's decision includes three clear and convincing reasons for rejecting plaintiff's testimony about the intensity, persistence, and limiting effects of his symptoms:1) the medical evidence was inconsistent with plaintiff's subjective complaints, 2) plaintiff was prescribed conservative mental health and back treatment, and 3) plaintiff's daily activities undermined his complaints. These findings are supported by substantial evidence.

First, an ALJ may discount a claimant's subjective symptom testimony that is contradicted by medical evidence. Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1161 (9th Cir. 2008). Here, the ALJ cited to medical evidence that contradicts plaintiff's claims that his depression and mental functioning rendered him unable to work. The ALJ specifically cited to a mental status exam indicating that plaintiff presented in a January 23, 2020 appointment able to pay attention, with linear thought processes, normal memory and some insight. (AT 38, citing AT 1393.) Notes from a March 19, 2020 indicate that plaintiff had organized thoughts, clear speech, and low anxiety. (AT 1367.) On February 4 and 11, 2020; April 8, 2020; and May 6, 2020, plaintiff's depression screening indicated a score of 0, indicating no depression. (AT 1389, 1382, 1355, and 1336.) The ALJ also cited to an assessment from February 21, 2020, stating that plaintiff "appeared more engaged today and showed more objective improvement than [his] subjective

report." (AT 39, citing AT 1378.)  As to plaintiff's physical impairments, a February 2020 examination revealed normal gait, normal motor examination and normal sensory testing (AT, citing AT 1631).  A January 2021 examination revealed normal results and a denial of muscle strength changes or new bony pain (AT 39, citing 1644-1645).  Thus, there is substantial support in the treatment notes that contradicts plaintiff's claims that he has severely limited mental and physical functioning.  Rollins, 261 F.3d at 857.

Second, routine, conservative treatment can be sufficient to discount a claimant's subjective testimony regarding the limitations caused by an impairment.  Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment."); Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (rejecting subjective pain complaints where claimant's "claim that she experienced pain approaching the highest level imaginable was inconsistent with the 'minimal, conservative treatment' that she received"); Tommasetti, 533 F.3d at 1039-40 (an ALJ may infer that pain is not disabling if a claimant seeks only minimal conservative treatment). Here, the ALJ cited to the fact that plaintiff obtained conservative mental health care for mental impairments and minimal treatment for back pain during the period at issue.  (AT 39.)  The ALJ cited to the fact that providers recommended treatment with counseling and psychotropic medication (AT 38, citing 1392-1397.)  Further, while the ALJ considered the possibility that more aggressive mental health treatment was precluded by costs or mental limitations, the ALJ did not adopt this reasoning because it was unsupported by evidence in the record. (AT 39, "the undersigned has considered alternative rationale to explain the claimant's history of care," including mental limitations and cost; but that such a rationale "was not substantiated by significant evidence of record.")

Third, daily living activities may provide a basis for discounting subjective symptoms if the plaintiff's activities either contradict his or her testimony or meet the threshold for transferable work skills.  See Molina v. Astrue, 674 F.3d 1104, 1112-13 (9th Cir. 2012), superseded by regulation on other grounds.  A claimant, however, need not be utterly incapacitated to receive disability benefits, and completion of certain routine activities is insufficient to discount

subjective symptom testimony.  Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001).  See also Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005) (ALJ properly considered claimant's ability to care for her own needs, cook, clean, shop, interact with her nephew and boyfriend, and manage her finances and those of her nephew in the credibility analysis); Morgan v. Comm'r of Soc. Sec., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ's determination regarding claimant's ability to "fix meals, do laundry, work in the yard, and occasionally care for his friend's child" was a specific finding sufficient to discredit the claimant's credibility).  Here, substantial record evidence supports the ALJ's findings that plaintiff's daily activities are inconsistent with extreme limitations in functioning independently, remembering or applying information, interacting with others, and concentrating.  Plaintiff was largely independent in activities of daily living, such as preparing simple meals, completing household chores, driving a car, using a computer, shopping in stores, paying bills, counting change and visiting with others.  (AT 39, citing AT 555-62.)  Indeed, these activities undermine plaintiff's allegations relating to lack of motivation, inability to concentrate, requires reminders to attend to tasks and is otherwise unable to sustain work function on a regular and continuous basis and severe anxiety even in a store or a doctor's office.  See, e.g., Christian R. v. Comm'r of Soc. Sec. Admin., 2022 WL 1165726, at *6 (D. Or. Apr. 20, 2022) (finding that ability to "play video games, watch television, and socialize with friends multiple times a week without incident, as well as take public transportation, manage his own money, and shop independently" undermined allegations of "totally debilitating social anxiety and attention deficits.").

      Moreover, to the extent plaintiff alleged an inability to be around others, because of his severe anxiety and depression, the record indicates he demonstrated otherwise.  Records indicated the claimant has been capable of living with others, maintaining friendship and going into public places (AT 559-560, stating that plaintiff spends time with others weekly in their homes, watching movies and doing puzzles and that he does not have problems getting along with others.)  These activities suggest a significant capability to interact with others.  Sharp v. Colvin, 2015 WL 1274727, at *5 (E.D. Cal. Mar. 19, 2015) (finding that ALJ properly discounted plaintiff's testimony as inconsistent with daily activities when plaintiff cleaned his room, swept

carpet, washed dishes, did laundry, cooked occasionally, went grocery shopping with his mother, cared for his dog, and walked around block). While records reflected sporadic complaints of social dysfunction or fear of public, reports also indicated the claimant had a strong support system and interacted with others. (AT 39, referring to AT 555 (plaintiff reporting that he was living with friends "part time"), AT 1390 (noting in social history that plaintiff "live[d] with good friends"), AT 1736 (noting plaintiff had "some family support")).

To be sure, the record also contains some contrary evidence, such as plaintiff's allegations of severe social anxiety, suggesting that plaintiff's activities are more limited (AT 561-562.) However, it is the function of the ALJ to resolve any ambiguities, and the court finds the ALJ's assessment to be reasonable and supported by substantial evidence. See Rollins, 261 F.3d at 857 (affirming ALJ's credibility determination even where the claimant's testimony was somewhat equivocal about how regularly she was able to keep up with all of the activities and noting that the ALJ's interpretation "may not be the only reasonable one"). "Where, as here, the ALJ has made specific findings justifying a decision to disbelieve an allegation of excess pain," or debilitating anxiety and attention deficits in this case, "and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision." Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989).

Accordingly, because the ALJ's decision to discount the more severe aspects of plaintiff's testimony was based on a prescription of conservative treatment, inconsistencies between claimant's testimony and conduct (including daily activities), and noted inconsistences with the medical evidence of record, all of which find substantial support in the record, the court is satisfied the ALJ provided "specific, clear and convincing reasons" for discounting plaintiff's subjective symptom testimony, and that the ALJ's determination was not arbitrary. See Tommasetti, 533 F.3d at 1040; Brown-Hunter, 806 F.3d at 483.

**B. The ALJ Properly Evaluated LCSW Goscha's Opinion**

The ALJ's determination of persuasiveness need only be supported by substantial evidence. See Woods, 32 F.4th at 792. For claims filed on or after March 27, 2017, such as plaintiff's (see AT 33), the persuasiveness of the medical opinions must be evaluated based on

9

1  five listed factors of which the ALJ is only required (generally) to discuss the two most important
2  factors of supportability and consistency.  See 20 C.F.R. § 416.920c; Revisions to Rules
3  Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017)
4  (technical errors corrected by 82 Fed. Reg. 15,132 (Mar. 27, 2017)); Woods v. Kijakazi, 32 F.4th
5  785, 789-92 (9th Cir. 2022).  The more consistent a medical opinion is with the evidence from
6  other medical sources and nonmedical sources in the claim, the more persuasive the medical
7  opinion. 20 C.F.R. § 416.920c(c)(2). "The more consistent a medical opinion(s) or [PAMFs] is
8  with the evidence from other medical sources and nonmedical sources in the claim, the more
9  persuasive the medical opinion(s) or [PAMFs] will be." See Shimakonis v. Kijakazi, No. 22-
10 35443, 2023 WL 3994976, at *1 (9th Cir. June 14, 2023) (unpublished) (noting that inconsistency
11 with daily activities was proper reason to discount opinion under § 416.920c)

12       The ALJ found LCSW Goscha's opinion that plaintiff has "marked limitation in the
13 abilities to maintain attention and complete a normal workday/workweek" to be unpersuasive.
14 (AT 40-41, referring to AT 1734.)  The ALJ noted that LCSW Goscha's opinion lacked mental
15 examinations showing consistent issues with concentration or attention.  To the contrary—LCSW
16 Goscha's and other medical records found that plaintiff's intelligence/cognition was intact and
17 improving.  This determination finds substantial support in the record.  (AT 1341, noting
18 plaintiff's thoughts are organized and speech is clear;) (AT 1373, 1581, noting average
19 intelligence, alert cognition, logical, goal oriented thought process;) (AT 1589, noting "low
20 anxiety, thoughts organized and speech normal".)  Accordingly, the ALJ properly found the
21 opinion to be generally unpersuasive, except to the extent it indicated plaintiff could perform
22 simple tasks.

23       Further, the ALJ found that the examination was inconsistent with examinations from
24 other sources. (AT 39; see 20 C.F.R. § 416.920c(c)(2) ("The more consistent a medical opinion(s)
25 or [PAMFs] is with the evidence from other medical sources and nonmedical sources in the
26 claim, the more persuasive the medical opinion(s) or [PAMFs] will be.").  In his decision, the
27 ALJ cited to examinations demonstrating intact intelligence and cognition and improvement of
28 symptoms with treatment (see, e.g., AT 1345, 1377-78, 1378, 1458, 1510 (examinations by Dr.

Kellaher revealing fair grooming, fair eye contact, normal speech, at least some or fair insight, non-impulsive judgment, cooperative attitude, no suicidal ideation, and no deficits of orientation, cognition, memory, or attention).

Finally, as with plaintiff' subjective system testimony, the ALJ noted that the limitations were inconsistent with daily activities. (AT 38-39.) As previously discussed, the substantial record evidence demonstrates daily activities that required moderate concentration. Specifically, with regard to concentrating, persisting or maintaining pace, records indicated the claimant has been capable of performing personal care tasks, preparing simple meals, completing household chores, driving a car, using a computer, shopping in stores, paying bills and counting change (citing AT 555-62.)

Accordingly, substantial record evidence supports the ALJ's rejection of LCSW Goscha's determination that plaintiff had a "marked limitation in the abilities to maintain attention and complete a normal workday/workweek" to be unpersuasive on the bases that the report lacked support, was inconsistent with other medical records, and inconsistent with plaintiff's daily activities. Thus, the undersigned concludes that the ALJ's assessment of LCSW Goscha's report was proper.

### V.  **CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15) is DENIED;
2. The Commissioner's cross-motion (ECF No. 19) is GRANTED;
3. The final decision of the Commissioner is AFFIRMED; and
4. The Clerk of Court is directed to CLOSE this case.

Dated:  March 12, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

silv.1814